**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **WILLIAM R. JACKSON,** | : | |
| | : | |
| **Petitioner** | : | |
| **VS.** | : | **CASE NO.: 5:23-CV-420-MTT-MSH** |
| | : | |
| **STATE OF GEORGIA, _et al._,** | : | |
| | : | |
| **Respondents.** | : | |
| | : | |

## <u>ORDER</u>

Presently pending before the Court are Petitioner's "Motion for Recusal and Demand for Removal of U.S. Magistrate Stephen Hyles," "Motion to Set Aside Judgment," "Petition for Writ of Habeas Corpus Ad Testificandum," and "Request for Oral Hearing." ECF Nos. 7; 8; 9; 10.  For reasons discussed below, all are denied.

## <u>PROCEDURAL HISTORY</u>

Petitioner filed a civil action titled "Notice of Removal." ECF No. 1.  He stated that the Court has jurisdiction under "§ 1443 (1) and (2) and/or § 1331 and/or § 1651, and Rule 11."  _Id_. at 1.  He also filed a "Petition for Issuance of an Extraordinary Writ and/or Writ of Mandam (sic) and/or Writ of Prohibition and/or any other Writ."  ECF No. 4. Petitioner's action was docketed as a mandamus.

Petitioner failed to pay the filing fee and the Court, therefore, assumed he wished to proceed _in forma pauperis_.  The Court, however, notified Petitioner that he could not proceed without prepayment of the filing fee because he had accrued more than three strikes under 28 U.S.C. 1915(g) and his allegations did not show he is in imminent danger

of serious physical injury.  ECF No. 5 at 2.  The Court, therefore, dismissed the petition without prejudice.  *Id*. at 4.

MOTION FOR RECUSAL AND DEMAND FOR REMOVAL OF U.S.
MAGISTRATE STEPHEN HYLES

Petitioner's "Motion for Recusal and Demand for Removal of U.S. Magistrate Stephen Hyles" was docketed on November 3, 2023.  ECF No. 7.  The motion, however, is dated October 31, 2023.  *Id*.  Using the mailbox rule, the motion was filed before dismissal of the action on November 2, 2023.  *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (stating that a pro se prisoner's filing is deemed filed on the date it is delivered to prison authorities and, absent evidence to the contrary, courts assume the prisoner delivered the filing to prison authorities on the date the prisoner signed it).  Even if timely filed, however, the District Court's determination that the action must be dismissed because the three-strike rule bars Petitioner from proceeding *in forma pauperis*, renders Petitioner's motion to recuse the Magistrate Judge moot.

Even if the motion is not moot, Petitioner alleges no basis for Judge Hyles' removal. Petitioner states that he has "reason and belief that . . . Magistrate Stephen Hyles will continue willfully to exercise acts of bigotry, biasness (sic), against inmates, and prejudice concerning [himself] as a victim/plaintiff of crimes against Georgia officials."  ECF No. 7-1 at 1.  Petitioner states that Judge Hyles misconstrues facts, ignores "intervening circumstances," and makes "hasty judgments."  *Id*. at 2.  Petitioner attaches an affidavit from fellow inmate Angelo Bernard Banks, in which Mr. Banks makes similar allegations about United States Magistrate Judge Hyles.[1]  ECF No. 7-2.

---

[1] The Court notes that Mr. Banks, like Petitioner, made similar allegations regarding Judge Hyles and moved to recuse the Magistrate Judge from his civil action.  *Banks v. Aikens*, 4:19-cv-10-CDL-MSH (M.D. Ga. Jan. 23, 2019).  The Court denied his motions for recusal.  ECF No. 22; 74.  On appeal, the Eleventh

A party may seek the presiding judge's recusal by filing a "timely and sufficient affidavit" showing that the judge "has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Additionally, 28 U.S.C. § 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or when "he has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1).

A motion for recusal must show that the judge's purported bias is personal rather than judicial in nature. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). "[E]xcept where pervasive bias is shown, a judge's rulings in the same or a related case are not a sufficient basis for recusal." *Id*.; *United States v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985). Only when the judge's predisposition is "so extreme as to display clear inability to render fair judgment" is bias shown that would support disqualification. *Liteky v. United States*, 510 U.S. 540, 551 (1994).

Petitioner's conclusory allegation that Judge Hyles is biased against pro se prisoners does not warrant recusal. ECF No 7 at 1. Petitioner cannot plausibly allege that Judge Hyles has shown any bias in his case because Judge Hyles made no rulings or recommendations in this case. Petitioner argues that Judge Hyles' bias is demonstrated by the orders and recommendations he made in *Banks v. Aikens*, 4:19-cv-

---

Circuit affirmed the District Court's denial of Banks' motions to recuse, finding he had shown no grounds for recusal. ECF No. 53-1 at 21-23.

10-CDL-MSH.  Absent pervasive bias, which has not been shown, rulings in a similar pro se prisoner case are not grounds for recusal.  *See Bolin*, 225 F.3d at 1239.

Thus, Petitioner's "Motion for Recusal and Demand for Removal of U.S. Magistrate Stephen Hyles" is **DENIED**.

<u>MOTION TO SET ASIDE JUDGMENT</u>

Petitioner's "Motion to Set Aside Judgment," like all his filings, is difficult to follow. He states that the motion is brought under Federal Rule of Civil Procedure "52(a)(6) from the Magistrate's Order denying Petitioner's removal of state action(s) and his petition for extraordinary writ(s) pursuant to § 1331, § 1443 and /or § 1671 under the three strikes Prison Litigation Reform Act."  ECF No. 8 at 1.  There is no "Magistrate's Order" docketed in this case.  Additionally, Rule 52(a)(6), which addresses the standard a reviewing court must use to set aside a trial court's findings of fact, has no application to this case.

The Court construes Petitioner's motion as a motion to alter or amend judgment brought under Federal Rule of Civil Procedure 59(d).    "'[M]otions for reconsideration are disfavored'" and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'"  *Mercer v. Perdue Farms, Inc.*, No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)); *see also Daker v. Dozier*, No. 5:17-cv-25 (CAR), 2017 WL 4797522 at *1 (M.D. Ga. Oct. 24, 2017) (holding same).  Furthermore, Rule 59(e) "cannot serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment."  *Daker*, 2017 WL 4797522, at *1 (internal quotation marks omitted) (alterations in original).

The Court recognizes only three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice."  *Daker v. Humphrey*, Civil Action No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)).

Petitioner argues that the Court "misapprehens (sic) the facts of his claim."  ECF No. 8 at 1.  He alleges he seeks to "remove" from state court "the criminal complaints filed with Fulton County against Timothy C. Ward, Ikim Patton-Johnson, and Stephanie Daniels."  *Id*. at 2.  It is not clear what Petitioner means by "criminal complaint."  *Id*. Petitioner cannot remove a criminal action from the state courts to the federal courts.  As the Court has already informed Petitioner, 28 U.S.C. § 1443 allows a defendant to remove certain actions "commenced in a State court." It does not appear Petitioner is a defendant in any such pending state action.

Petitioner seems to argue that he does not have three-strikes under 28 U.S.C. § 1915(g):

> Petitioner contest (sic) and affirms that he was not incarcerated or detained in any facility when the facts giving raise (sic) to the criminal matter pending in Fulton County occurred.  Wherein, he has paroled out of prison since the filing of 1:09-cv-545-MSH-RGV; 1:08-cv-3308-MSH-RGV; and/or 1:05-cv-1476-MSH-JMF.  From October 2011 to October 2019, Petitioner was not imprisoned.

ECF No. 8 at 3.

The question is whether Petitioner was imprisoned when he "brought" the federal civil action or appeal "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).  In other

words, was Petitioner incarcerated when he filed the action or appeal that was subsequently dismissed as frivolous, malicious, or for failing to state a claim?  If so, that previously dismissed action counts as a "strike" under 28 U.S.C. § 1915(g) regardless of when the "facts giving rise" to his current action occurred.  ECF No. 8 at 3.

The Court previously found that Petitioner filed numerous cases while incarcerated and at least four dismissals counted as strikes under 28 U.S.C. 1915(g):  *Jackson v. Hunt*, No. 1:09-cv-545-MSH-RGV (N.D. Ga. April 30, 2009) (Petitioner confined in Scott State Prison when he filed complaint); *Jackson v. Hunt*, No. 1:08-cv-3308-MSH-RGV (Petitioner confined in Scott State Prison when he filed complaint); *Jackson v. Baker*, No. 1:05-cv-1476-MHS-JMF (Petitioner confined in Scott State Prison when he filed complaint); and *Jackson v. Nix*, 1:04-cv-2413-MHS-JMF (Petitioner confined in Macon State Prison when he filed complaint).  The fact that Petitioner was paroled from "October 2011 to October 2019" when the "facts giving rise" to the current civil action accrued is irrelevant.  ECF No. 8 at 3.  What matters is whether Petitioner was incarcerated when he filed the previously dismissed actions and whether he is incarcerated now.  He was incarcerated when he filed all four complaints from 2004 to 2009 and is incarcerated now.  Thus, Petitioner has at least three strikes and may not proceed *in forma pauperis* in this action.[2] Petitioner's "Motion to Set Aside Judgment" is, therefore, **DENIED**.

<u>PETITION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM<br>AND REQUEST FOR ORAL HEARING</u>

Having denied Petitioner's "Motion to Set Aside Judgment," the Court **DENIES** as moot his "Petition for Writ of Habeas Corpus Ad Testificandum" in which Petitioner

---

[2] Petitioner seems to complain about revocation of parole.  ECF No. 1.  As the Court previously found, he does not allege "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

requests to have the Court order Warden Shawn Ellis' presence at some unspecified "trial" or hearing (ECF No. 9) and Petitioner's "Request for Oral Hearing" (ECF No. 10).

In conclusion, Petitioner's "Motion for Recusal and Demand for Removal of U.S. Magistrate Stephen Hyles," "Motion to Set Aside Judgment," "Petition for Writ of Habeas Corpus Ad Testificandum," and "Request for Oral Hearing" are **DENIED**.  ECF Nos. 7; 8; 9; 10.

**SO ORDERED**, this 8th day of May, 2024.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT