IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WILLIAM R. JACKSON, | : |
| Petitioner, | : |
| vs. | : NO. 5:23-cv-420-MTT-MSH |
| STATE OF GEORGIA; *et al.*, | : |
| Respondent. | : |

## ORDER

Petitioner William R. Jackson, a prisoner incarcerated in Wheeler State Prison in Alamo, Georgia, moves to proceed *in forma pauperis* on appeal. ECF No. 17. For reasons discussed below, the motion is **DENIED**.

### I. THREE STRIKES UNDER 28 U.S.C. § 1915(g)

Jackson originally filed a "Notice of Removal." He failed to pay the filing fee. Jackson stated that the Court had jurisdiction under "§ 1443 (1) and (2) and/or § 1331 and/or § 1651, and Rule 11." *Id*. at 1. This action was docketed as a Petition for Writ of Mandamus under 28 U.S.C. § 1651 but it was unclear what action Jackson sought to "remove" or otherwise file in the Court or what relief he wanted. Approximately one week after filing his "Notice of Removal," Jackson filed a "Petition for Issuance of Extraordinary Writ and/or Writ of Mandam (sic) and/or Writ of Prohibition and/or any other Writ," ("Petition"). ECF No. 4.

In his "Notice of Removal," Jackson alleged he is being held as a slave in violation

the Thirteenth Amendment (ECF No. 1 at 1), has been "denied access to prosecute," (*Id*. at 5), and is falsely imprisoned (*Id*. at 3), following his extradition to Georgia and revocation of his parole.   In his Petition, he complained about his extradition from Illinois to Georgia in March 2020, the revocation of his parole, and a denial of access to the courts. ECF No. 4 at 4-6.   Jackson stated that all named respondents "are employed by the State of Georgia."   ECF No. 4 at 1.   Jackson asked the Court to "[g]rant an extraordinary writ unless the State hold (sic) a full and fair hearing on the record at a specified time"; "issue warrants for the arrest of the subjects and/or state actors"; issue injunctive relief, and provide monetary damages.   *Id*. at 15.

The Court found that Jackson could not proceed without prepayment of the filing fee because he had accrued three strikes under 28 U.S.C. § 1915(g) and he did not allege imminent danger of serious physical injury.   ECF No. 5.   The Court, therefore, dismissed the action without prejudice.   *Id*.

Jackson filed several motions following the dismissal of his action: "Motion for Recusal and Demand for Removal of U.S. Magistrate Stephen Hyles"; "Motion to Set Aside Judgment"; "Petition for Writ of Habeas Corpus Ad Testificandum"; and "Request for Oral Hearing."   ECF Nos. 7; 8; 9; 10.   In his Motion to Set Aside Judgment, Jackson provided some additional explanation regarding what action he sought to remove in his "Notice of Removal."   ECF No. 8.   Jackson stated that he wanted to "remove his criminal complaints . . . against Timothy C. Ward, Kim Patton-Johnson, and Stephanie Daniels, filed in Fulton County."   *Id*. at 2.   The Court denied Jackson's motions, explaining again that criminal actions cannot be removed from the state courts to the federal courts and while

28 U.S.C. § 1443 allows a defendant to remove certain actions "commenced in a State court," it did not appear that Jackson was a defendant in any such pending state action. ECF No. 11 at 5.

In his motion to proceed *in forma pauperis* on appeal, Jackson states that he was placed on parole on October 17, 2011 and was, therefore, not "serving a term of imprisonment when the claimed incident of kidnapping occurred." ECF No. 17-1 at 1-2. His argument seems to be that because he was not in prison when he was "kidnapped" or "taken against his will from the State of Illinois and brought into the jurisdiction of Georgia illegally without cause and imprisoned falsely," the strikes he previously incurred under § 1915(g) should not prevent him from proceeding *in forma pauperis*. *Id*. at 2. He also states that "[h]is right to prosecute and/or pursu[e] . . . a criminal proceeding were not cause (sic) or connected to any conviction or sentence, or any crime he committed, but stemming from Governmental Officials' crime(s) to kidnap and false (sic) imprison him through fraudulent documents . . . ." *Id*. Presumably, Jackson believes he is pursuing a criminal action against the named respondents. Finally, Jackson states the respondents' "criminal acts have maliciously caused [him] under the Eighth Amendment of the United States Constitution to suffer imminent danger, as it has been 'DECLARED' that his confinement with the Georgia Prison System is 'UNSAFE' by the United States Department of Justice." *Id*. As with most of Jackson's statements, this is difficult to follow but the Court assumes Jackson alleges he is in "imminent danger of serious physical injury" based on the "Investigation of Georgia Prisons" report that was recently released by the United States Department of Justice, Civil Rights Division. 28 U.S.C. § 1915(g); *see*

https://www.justice.gov/opa/pr/justice-department-finds-unconstitutional-conditions-georgia-prisons (last visited Nov. 6, 2024) (report available through link "findings").

Jackson does not dispute that he has more than three actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Jackson v. Hunt*, No. 1:09-cv-545-MSH-RGV (N.D. Ga. April 30, 2009) (action dismissed under 28 U.S.C. § 1915A after preliminary review); *Jackson v. Hunt*, No. 1:08-cv-3308-MSH-RGV (N.D. Ga. Nov. 10, 2008) (action dismissed as frivolous under 28 U.S.C. § 1915A after preliminary review); *Jackson v. Baker*, No. 1:05-cv-1476-MHS-JMF (N.D. Ga. June 21, 2005) (action dismissed under 28 U.S.C. § 1915A after preliminary review); *Jackson v. Nix*, 1:04-cv-2413-MHS-JMF (N.D. Ga. Oct. 1, 2004) (action dismissed under 28 U.S.C. § 1915A after preliminary review). The fact that Jackson was on parole, not incarcerated, when the events about which he complains occurred is irrelevant. The questions are whether he was "incarcerated or detained in any facility" when he filed those four actions that were dismissed as frivolous or for failure to state a claim and whether he was "a prisoner" when he filed the notice of appeal in this case. 28 U.S.C. § 1915(g). He was.

Jackson seems to think he is seeking to remove a criminal action to the federal courts or that he has filed a criminal complaint against the named respondents and, therefore, strikes under 28 U.S.C. § 1915(g) do not matter. Jackson cannot remove a state criminal case to federal court, and he cannot criminally prosecute the named respondents in federal court. *See Otero v. U.S. Att'y Gen.,* 832 F.2d 141, 141 (11th Cir. 1987) (stating, "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution

of another"); *United States v. Nixon*, 418 U.S. 683, 693 (1974) (observing that "the Executive Branch has "exclusive authority and absolute discretion to decide whether to prosecute a case").

The Department of Justice's recent report about the unconstitutional conditions in Georgia's prisons does not establish that Jackson personally faces an "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Conclusory or general assertions will not suffice to invoke the "imminent danger" exception. *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (citation omitted). Instead, the prisoner must make "'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Id*. (citation omitted). Jackson has provided no facts to support his allegation of imminent danger.

Because Jackson has had more than three complaints dismissed as frivolous, malicious, or for failure to state a claim and has made no showing of "imminent danger of serious physical injury" at the time he filed his notice of appeal, his motion to proceed *in forma pauperis* on appeal (ECF No. 17) is **DENIED**. 28 U.S.C. § 1915(g).

If Jackson wishes to proceed with his appeal, he must pay the entire $605.00 appellate filing fee.

II. **LACK OF GOOD FAITH BASIS FOR APPEAL**

The Court also notes that even if Jackson did not have three strikes, there is no good faith basis for his appeal. Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. 28 U.S.C. § 1915 provides:

(a)(1) [A]ny court of the United States may authorize the commencement,

prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. . . .

(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24 provides:

(1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

(A) shows . . . the party's inability to pay or to give security for fees and costs;
(B) claims an entitlement to redress; and
(C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Jackson is unable to pay the $605.00 filing fee. ECF No. 17-2.

Second, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted), *overruled on other grounds by Hoever v. Marks*, 993 F.3d 1353, 1363-64 (11th Cir. 2021). "Arguable means capable of being convincingly argued." *Sun v.*

*Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in *forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

The Court dismissed this action without prejudice finding that Jackson had more than three strikes under 28 U.S.C. § 1915(g) and he did not allege imminent danger of serious injury. ECF No. 5. Even if Jackson did not have three strikes or adequately alleged imminent danger of serious physical injury, or even if the three-strikes provision of 28 U.S.C. § 1915(g) does not apply to mandamus petitions,[1] the Court would still have

---

[1] The Eleventh Circuit "ha[s] not addressed whether or in what circumstances mandamus petitions are 'civil actions' subject to § 1915(g)." *Littlejohn v. Dir., FBI*, No. 21-13542, 2023 WL 2300945, at *2 (11th Cir. 2023). "Other circuits have held that a mandamus petition qualifies as a civil action if it is analogous to or arises out of a civil lawsuit to which § 1915(g) applies . . . ." *Id*. (citations omitted) (collecting cases in which the Fifth, Seventh, and Second Circuits have all held that the nature of the underlying action determines whether § 1915(g) applies). Jackson could have filed a 42 U.S.C. § 1983 action regarding his extradition and parole revocation. In fact, he previously did just that. In *Jackson v. Chambers*, 6:21-cv-36-JRH-BKE, ECF No. 1 (S.D. Ga. May 13, 2021), Jackson made the same allegations regarding his extradition and parole revocation that he made in the Petition in the current action. The United States District Court for the Southern District of Georgia denied Jackson's motion to proceed *in forma pauperis* based on his strikes and dismissed the 42 U.S.C. § 1983 action without prejudice. *Id*. at 8. After this Court dismissed the current action, Jackson filed another 42 U.S.C. § 1983 action raising the same allegations in the Northern District of Georgia. *Jackson v. Ward*, 1:24-cv-2193-AT, ECF No. 1 (N.D. Ga. May 16, 2024). The United States District Court for the Northern District of Georgia denied Jackson's motion to proceed *in forma pauperis* and dismissed the 42 U.S.C. § 1983 action without prejudice because Jackson has more than three strikes under 28 U.S.C. § 1915(g) and did not allege "imminent danger of serious physical injury." *Id*. at ECF No. 8. "Allowing prisoners to continue filing actions as they had before enactment of the [Prison Litigation Reform Act], merely by framing pleadings as petitions for mandamus would allow a loophole Congress surely did not intend in its stated goal of 'discourag[ing] frivolous and abusive prison lawsuits.'" *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996). While a petition for mandamus in a criminal action may not be subject to the three-strikes rule, this action is not, despite Jackson's protests otherwise, a criminal action. ECF No. 8 at 2.

dismissed the action. The named respondents are state actors or "employed by the State of Georgia." ECF No. 4 at 2. The United States District Courts do not have the authority to issue writs compelling action by state officials in the performance of their duties. *See* 28 U.S.C. § 1361 (stating that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel **an officer or employee of the United States or any agency thereof to** perform a duty owed to the plaintiff) (emphasis added); *Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973)[2] (per curiam) (interpreting 28 U.S.C. § 1651 and finding that federal courts cannot issue writs of mandamus to direct state courts and their judicial officers); *Lawrence v. Miami-Dade Cnty. State Att'y*, 272 F. App'x 781, 781 (11th Cir. 2008) (per curiam) (stating that district court did not have jurisdiction to issue writ of mandamus compelling action from state officials). Additionally, Jackson cannot remove state criminal proceeding to this Court and this Court cannot institute criminal proceedings against the respondents. *Otero*, 832 F.2d at 141; *Nixon*, 418 U.S. at 693. To any extent that Jackson sought monetary damages because his due process rights were violated during the arrest and parole revocation proceeding,[3] the action would be premature and subject to dismissal under *Heck v.*

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

[3] In his Petition, Jackson makes various allegations regarding his arrest, extradition, and parole revocation, all of which, if true, would invalidate the revocation of his parole. He alleges that his "extradition detention was predicated on a false/fraudulent armed-robbery charge by [Interstate Agreement Detainer ("IAD")] Administrator and/or Commissioner and/or Extradition Officer"; Commissioner Timothy Ward "issue[d] a warrant for armed-robbery without an affidavit or indictment in collusion with IAD and Extradition Officer violating petitioner (sic) rights protected by the Constitution and Law of the United States"; Commissioner Ward issued an "invalid warrant"; and Jackson was not given notice and an in-person hearing at his parole revocation proceedings. ECF No. 4 at 4, 6.

*Humphrey*, 512 U.S. 477 (1994); *Green v. McGill-Johnston,* 685 F. App'x 811, 812 (11th Cir. 2017) (per curiam) (finding *Heck* bars allegations that documents showing a positive test for cocaine were fabricated and other procedural errors resulted in a procedurally deficient parole revocation);  *Vickers v. Donahue*, 137 F. App'x 285, 287-90 (11th Cir. 2005) (per curiam) (finding *Heck* bars probationer's claim he was falsely arrested and his community control improperly revoked after Florida Department of Corrections' officer and probation officer submitted false affidavits or "factually insufficient affidavits" stating that probationer violated terms of his release).

In conclusion, Jackson's motion to proceed *in forma pauperis* on appeal (ECF No. 17) is **DENIED** because he has three strikes and has not shown he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Additionally, Jackson has not shown a good faith basis for the appeal.

**SO ORDERED**, this 19th day of November, 2024.

S/ Marc T. Treadwell
_____
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT